FREELAND O. WALLIS *vs.* SIMON CARPENTER.

The defendant entered into a guaranty with a penalty to the plaintiff that A. should perform an awaru. The award was that A. should pay a sum to the plaintiff, should pay to B. and C. debts on which A. and the plaintiff were jointly liable, and should hold the plaintiff harmless. A. not having paid said sum, the plaintiff obtained a judgment against the defendant for the amount of the penalty; and execution was issued for said sum due from A. to the plaintiff, and was paid by the defendant. The plaintiff assigned his claim on the judgment, and afterwards B. released without consideration the said debt due to him, and C. also released the debt due to him, and at the same time the assignee agreed to pay C. a part of what he should collect from the defendant; the assignee then brought *scire facias* on the judgment in the name of the plaintiff. *Held*, that as the plaintiff did not appear to have been damnified, execution ought not to issue.

SCIRE FACIAS on the judgment recovered in the case of *Wallis* v. *Carpenter*, 13 Allen, 19. The writ set forth the rendering of a judgment for the penalty of a guaranty entered into by the defendant that a certain sum should be paid to the plaintiff, and that the plaintiff should be held harmless from a debt on which he was liable to Horace Drury, and also from a debt on which he was liable to the Oxford Bank ; that execution had issued for the amount of said sum and had been paid ; and that the plaintiff alleged that he had since been obliged to pay the debts to Drury

and the Oxford Bank. The case was submitted to the judgment of the Superior Court, and, on appeal, of this court, upon agreed facts substantially as follows :

By an agreement, dated June 1, 1864, the plaintiff and Reuben Carpenter, who had been partners under the style of Carpenter & Wallis, submitted the settlement of their partnership affairs to referees, who made an award that the plaintiff should recover $324.72 from Reuben Carpenter; that "Reuben Carpenter pay to Horace Drury $497.62 in full payment for what is due said Drury from said Carpenter & Wallis," "and to the Oxford Bank a note of $600, bearing date February 22, 1864, and save said Wallis free and harmless." The defendant signed the following guaranty written on the agreement to refer: "In consideration of one dollar to me paid, the receipt whereof I do hereby acknowledge, and I do guaranty the performance of the award which said referees may make on the part of said Reuben Carpenter, and pay the penalty of fifteen hundred dollars, in case said Reuben Carpenter refuses to perform said award."

Reuben Carpenter not having paid the amount awarded to the plaintiff, the action in which judgment was recovered was brought by the plaintiff against Reuben Carpenter on the award, and against the defendant on the guaranty, but before judgment, the plaintiff discontinued against Reuben Carpenter, and took judgment against the defendant; in 1867 execution was issued thereon for said amount which the referees had awarded that Reuben Carpenter should pay to the plaintiff; and this execution was paid by the defendant.

In 1866, the plaintiff assigned to Joseph Westgate all his claim against the defendant, the defendant had notice of the assignment, and the present proceeding was prosecuted by Westgate for his own benefit and at his own expense.

In 1868, Drury, by a release under seal, discharged the plaintiff and Reuben Carpenter from the debt due from them to him. No payment or consideration was made or given to him on account of said debt, or for said release.

In 1868 the Oxford Bank, by a release under seal, discharged the plaintiff and Reuben Carpenter from all claim on the note

due from them to the bank, and on the same day Westgate signed an agreement, reciting the assignment to himself and the discharge by the bank, by which he promised to pay to the bank five sevenths of all that might be recovered from the defendant on the judgment, and assigned the judgment to the bank as security for the agreement.

All objections to the competency of the above facts were reserved to the parties. Upon such facts as were competent the court to determine whether the plaintiff was entitled to execution, and if so, for what sum.

*P. E. Aldrich*, for the plaintiff.

*F. P. Goulding & A. J. Bartholomew*, for the defendant.

COLT, J. The defendant guaranteed under a penalty Reuben Carpenter's performance of an award in favor of the plaintiff. By the award Reuben was required to pay a certain amount due to the plaintiff, and also to pay certain sums due from him and the plaintiff jointly to one Drury and to the Oxford Bank, " and save the plaintiff free and harmless." Upon failure to perform judgment was recovered against the defendant for the penalty, and an execution issued for the amount then due directly from Reuben to the plaintiff, as ascertained by the award. The plaintiff now, by *scire facias*, demands an additional execution for further breaches of the contract. Gen. Sts. *c.* 133, §§ 9, 10.

Upon the facts agreed the plaintiff fails to show that any additional sum has become due. The guaranty in legal effect is a contract of indemnity. It seems to have been so treated by this court when the original judgment was rendered, 13 Allen, 19, and the plaintiff then only took judgment for the amount awarded as due to him. It is given to secure the plaintiff against actual loss in case of failure on the part of the principal to perform. Taken in connection with the award, the agreement is to save harmless from certain unpaid liabilities for which the parties to the award were jointly liable. It is not a promise to pay those liabilities absolutely. Indemnity can be had only to the extent of the loss. If the plaintiff is not called on to pay and does not pay, the liability cannot arise. This case is distinguishable from a class in which damages have been awarded, though

no payment has been made. In those cases the contract was expressly to pay the debt on which the default was made.

It is agreed that no money was paid by the plaintiff for the releases obtained from Drury and the bank, and it does not appear that he has sustained loss or damage by reason of these liabilities. His situation in respect to them remains as it was when the original judgment was rendered, except as changed by these releases. The allegation in the petition is that he has been compelled to pay, but such is not the proof.

The papers which were executed between the bank and the assignee of the plaintiff are in substance a discharge of the joint liability of Wallis & Carpenter in consideration of the transfer of an interest in the original judgment against the defendant for the penalty. The difficulty is not avoided. This is a proceeding at law. The bank cannot thus assume the rights of the plaintiff, or be substituted for him so as to avail itself of the indemnity held by him. No claim to indemnity has arisen. It is not like the case where a creditor is sometimes permitted to be subrogated to the securities held by the surety.

*Judgment for the defendant.*